UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JORDAN BUCKEY AND WILLIAM
TREVOR

CIVIL ACTION

VERSUS

NO. 25-747

HENRY'S UPTOWN BAR

SECTION "R" (5)

## ORDER AND REASONS

Before the Court is defendant Henry's Uptown Bar's motion to dismiss for failure to prosecute.[1] Plaintiffs Jordan Buckey and William Trevor oppose the motion.[2] For the reasons that follow, defendant's motion to dismiss is DENIED, and the Court *sua sponte* elects to impose sanctions on plaintiffs' counsel, pursuant to Federal Rule of Civil Procedure 16(f), for failure to follow this Court's scheduling order.

## I.    BACKGROUND

On April 15, 2025, plaintiffs initiated this action against defendant.[3] Plaintiffs allege that they were previously employed as bartenders by Henry's Uptown Bar and that defendant misclassified them as "independent

---

[1]    R. Doc. 13.
[2]    R. Doc. 21.
[3]    R. Doc. 1.

1

contractors" in order to avoid paying them earned overtime.[4]   Plaintiffs additionally allege that Henry's Uptown Bar improperly deducted money from tips plaintiffs earned.[5]   Plaintiff Buckey further alleges that she was sexually harassed by a Henry's Uptown Bar patron who was "friendly" with one of the bar's owners and that Henry's Uptown Bar allowed the patron to continue visiting the establishment after Buckey reported the harassment.[6] Plaintiffs brought four claims: (1) unpaid overtime in violation of the Fair Labor Standards Act; (2) illegal deductions from tips; (3) employee misclassification; and (4) sexual harassment (only brought by plaintiff Buckey).[7]

Defendant filed its answer and corporate disclosure on June 30, 2025,[8] and this Court held a scheduling conference on August 7, 2025.[9]  The Court issued a scheduling order on August 15, 2025, which contained the following key deadlines: Initial disclosures were to be exchanged by September 5, 2025; discovery, including all depositions, was to conclude by January 20,

---

[4]     *See generally id.*
[5]     *See generally id.*
[6]     *See id.* at 7-8.
[7]     *See generally id.*
[8]     R. Docs. 4, 5.
[9]     R. Doc. 6.

2026; witness lists were to be filed by January 20, 2026; and exhibits were to be exchanged by March 2, 2026.[10]

On January 20, 2026, in compliance with this Court's scheduling order, defendant filed its witness and exhibit list with the Court.[11]   The following events are per an email chain defendant attached to the present motion: On September 5, 2025, defendant sent plaintiffs' counsel its initial disclosures; on September 17, 2025, defendant followed up with plaintiffs' counsel regarding plaintiffs' initial disclosures, representing that it had yet to receive anything; on September 23, 2025, plaintiffs' counsel informed defendant that she had "snail mail[ed]" the disclosures and attached the disclosures to the email.[12]   Defendant represents that it never received the disclosures via postage.[13]

The email chain provided by defendant additionally shows the following: On March 2, 2026, defendant sent its list of trial exhibits along with copies to plaintiffs' counsel; on March 3, 2026, plaintiffs' counsel informed defendant that she needed a continuance in the matter because of other obligations in her work schedule; defendant's counsel replied on March

---

[10]    R. Doc. 7.
[11]    R. Doc. 12.
[12]    *See* R. Doc. 13-2 at 4-5.
[13]    R. Doc. 13.

6, 2026, asking the scope of the continuance that plaintiffs' counsel sought to request.[14]  No continuance request was filed with the Court.

On March 12, 2026, defendant filed the present motion, to which plaintiffs responded.  Notably, plaintiffs still have not filed a motion for continuance, nor have plaintiffs filed any response to defendant's motion *in limine*, such response being due March 25, 2026.

The Court considers the motion below.

## II.    LAW AND ANALYSIS

Federal Rule of Civil Procedure 41(b) empowers this Court to involuntarily dismiss an action, with prejudice, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order . . . ." However, the Fifth Circuit has noted that such an action should be a last resort as it "is an extreme sanction that deprives the litigant of the opportunity to pursue his [or her] claim."  *Berry v. Cigna/RSI-Cigna*, 975 F.2d 1188, 1191 (5th Cir. 1992) (quoting *Callip v. Harris Cnty. Child Welfare Dep't*, 757 F.2d 1513, 1519 (5th Cir. 1985) (internal quotations omitted)).  Instead, "[l]esser sanctions such as fines or dismissal without prejudice are usually appropriate . . . ."  *Bryson v. United States*, 553 F.3d 402, 403 (5th Cir.

---

14      R. Doc. 13-2 at 10-15.

2008) (citing *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996)); *see also Rogers v. Kroger Co.*, 669 F.2d 317, 321-22 (5th Cir. 1982) ("Assessments of fines, costs, or damages against the plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings are preliminary means or less severe sanctions . . . .").

Dismissal with prejudice under Rule 41(b) is appropriate only when "there is a clear record of delay or contumacious conduct by the plaintiff . . . and when lesser sanctions would not serve the best interests of justice." *Davila v. Price*, 129 F.3d 609, at*2 (5th Cir. 1997) (per curiam) (cleaned up). A clear record of delay exists when there have been "significant periods of total inactivity." *Shaw v. The United Mexican States*, No. 23-40422, 2024 WL 1113013, at *2 (5th Cir. Mar. 14, 2024) (per curiam) (citation and internal quotation marks omitted). Before sanctioning a party via dismissal with prejudice, the district court must expressly determine that "lesser sanctions would not prompt diligent prosecution," or the record must show that the district court "employed lesser sanctions that proved to be futile." *Berry*, 975 F.2d at 1191. Typically, one of three aggravating factors must be present: "(1) delay caused by the plaintiff [herself] and not [her] attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct."

*Campbell v. Wilkinson*, 988 F.3d 798, 802 (5th Cir. 2021) (quoting *Berry*, 975 F.2d at 1191).

Applying this standard to the instant case, the Court finds that there is a clear record of delay by the plaintiffs. And plaintiffs' counsel has failed to show good cause for her delinquency. Attorneys are responsible for managing their workloads. Over-scheduling oneself is not good cause for missing this Court's deadlines. Moreover, plaintiffs' counsel provides no excuse for not alerting the Court to the need for a continuance *prior to* missing critical deadlines. Counsel's excuse, that the deadlines were "not properly transferred" to her calendar, is uncompelling. Regardless of the accuracy and completeness of her own calendar, defense counsel's emails regarding the initial disclosures and later the trial exhibits should have alerted plaintiffs' counsel to the deadlines in this matter. Similarly, defendant's filing of its witness and exhibit lists should have indicated that the deadlines in this matter had not been re-set. If nothing else, that filing should have alerted her to check the docket, at which point a reasonably prudent lawyer would have noticed that no continuance had been filed, and the Court had issued no updated scheduling order.

Despite this record of unjustified conduct, the Court finds that the extreme remedy of dismissal is not warranted, particularly as this Court has

not previously imposed "lesser sanctions."  Moreover, there is no evidence that the delays are due to plaintiffs themselves and not their attorney, that defendant has been prejudiced by plaintiffs' failure to meet pre-trial deadlines, or that the delays are intentional.  In lieu of a dismissal, the Court imposes a sanction on plaintiffs' counsel of $5,000, plus attorney's fees, pursuant to Federal Rule of Civil Procedure 16(f), for failing to comply with this Court's scheduling order.  The Court finds that this sanction is sufficient, but not greater than necessary, to discourage further dilatory conduct and to achieve compliance with this Court's orders.  *Cf.  Silas v. Sears, Roebuck & Co., Inc.*, 586 F.2d 382, 385 (5th Cir. 1978) (holding that in the absence of "a clear record of delay or contumacious conduct by the plaintiff . . . the trial court's discretion is limited to the application of lesser sanctions designed to achieve compliance with court orders and expedite proceedings").

## III.  CONCLUSION

For the foregoing reasons, the Court DENIES defendant's motion to dismiss.

IT IS ORDERED, pursuant to Federal Rule of Civil Procedure 16(f), plaintiffs' counsel shall be sanctioned in the amount of $5,000, plus all attorney's fees associated with defendant's motion to dismiss, for failing to

7

comply with this Court's scheduling order.  The precise amount of attorney's

fees shall be determined by the magistrate judge.


New Orleans, Louisiana, this __16th__ day of April, 2026.


_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE