**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JORDAN BUCKEY AND** | |
| **WILLIAM TREVOR** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER: 25-747** |
| **HENRY'S UPTOWN BAR, L.L.C.** | **SECTION: "R" (5)** |

<u>**REPORT AND RECOMMENDATION**</u>

Before the Court is a Motion to Fix Attorneys' Fees filed by Defendant, Henry's Uptown Bar, L.L.C. (Rec. doc. 27). Plaintiffs, Jordan Buckey and William Trevor, filed an opposition. (Rec. doc. 29). Having reviewed the pleadings, the record, and the applicable law, the Court finds and recommends as follows.

## I.     Background

Plaintiffs filed their Complaint against Henry's Uptown Bar in this Court on April 15, 2025, bringing four claims: (1) unpaid overtime in violation of the Fair Labor Standards Act; (2) illegal deductions from tips; (3) employe misclassification; and (4) sexual harassment (brought only by Plaintiff Buckey). (Rec. doc. 1). After Plaintiffs' counsel failed to adhere to the Scheduling Order and missed several of this Court's deadlines, Defendant filed a motion to dismiss for failure to prosecute. (Rec. doc. 13). Plaintiffs' counsel failed to request a continuance for any pre-trial deadlines and the District Judge found that she did not show good cause for her delinquency. (Rec. doc. 25).

Despite the record of unjustified conduct, the Court denied Defendant's motion to dismiss and instead imposed a sanction on Plaintiffs' counsel in the amount of $5,000 plus attorneys' fees pursuant to Federal Rule of Civil Procedure 16(f). (*Id.*). The matter was referred to the undersigned to determine the precise amount of fees due. Subsequently,

Defendant filed the instant petition for attorneys' fees seeking fees in the amount of $6,010.00. (Rec. doc. 27). Defendant's entitlement to fees is undisputed. (Rec. doc. 25) (ordering that Plaintiffs' counsel shall be sanctioned in the amount of $5,000.00 plus all attorneys' fees associated with Defendant's motion to dismiss). Thus, the Court will address only the amount of attorneys' fees owed.

## II.    Law and Analysis

### A.    The Lodestar Approach

The United States Supreme Court and the Fifth Circuit have often repeated that a request for attorneys' fees should not spawn major ancillary litigation. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Associated Builders & Contractors of La., Inc. v. Orleans Par. School Bd.*, 919 F.2d 374, 379 (5th Cir. 1990). A court's discretion in fashioning a reasonable attorneys' fee is broad and reviewable only for an abuse of discretion, *i.e.*, it will not be reversed unless there is strong evidence that it is excessive or inadequate, or the amount chosen is clearly erroneous. *Hensley*, 461 U.S. at 436-37; *Hopwood v. State of Tex.*, 236 F.3d 256, 277 n.79 (5th Cir. 2000).

To determine a reasonable fee, the Court must provide a concise but clear explanation of its reasons for the fee award, making subsidiary factual determinations regarding whether the requested hourly rate is reasonable, and whether the tasks reported by counsel were duplicative, unnecessary, or unrelated to the purposes of the lawsuit. *Hensley*, 461 U.S. at 437-39*; Associated Builders & Contractors*, 919 F.2d at 379. The Fifth Circuit has noted that its "concern is not that a complete litany be given, but that the findings be complete enough to assume a review which can determine whether the court has used proper factual criteria

in exercising its discretion to fix just compensation." *Brantley v. Surles*, 804 F.2d 321, 325-26 (5th Cir. 1986).

In assessing the reasonableness of attorneys' fees, the Court must first determine the "lodestar" by multiplying the reasonable number of hours expended by the reasonable hourly rate for each participating attorney. *See Hensley*, 461 U.S. at 433*; Green v. Adm'rs of the Tulane Educ. Fund*, 284 F.3d 642, 661 (5th Cir. 2002), *overruled on other grounds by Burlington N. & Santa Fe Railway Co. v. White*, 548 U.S. 53 (2006); *Migis v. Pearle Vision, Inc.*, 135 F.2d 1041, 1047 (5th Cir. 1998); *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). The lodestar is presumed reasonable, but a court may then enhance or decrease it after considering the twelve *Johnson* factors. *Fessler v. Porcelana Corona De Mexico, S.A. De C.V.*, 23 F.4th 408, 415 (5th Cir. 2022) (citing *Combs v. City of Huntington*, 829 F.3d 388, 392 (5th Cir. 2016)). "'[T]he most critical factor' in determining a reasonable fee 'is the degree of success obtained.'" *Combs*, 829 F.3d at 394 (quoting *Hensley*, 461 U.S. at 436). The fee applicant bears the burden of proof on the lodestar issue, but once calculated, the burden shifts to the party seeking modification of the lodestar under the *Johnson* factors. *See Fessler*, 23 F.4th at 416; *Riley v. City of Jackson*, 99 F.3d 757, 760 (5th Cir. 1996); *La. Power*, 50 F.3d at 324; *In re Smith*, 996 F.2d 973, 978 (5th Cir. 1992).

### 1.   Reasonable Hourly Rates

"'[R]easonable' hourly rates 'are to be calculated according to the prevailing market rates in the relevant community.'" *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381 (5th Cir. 2011) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). "[T]he burden is on the fee applicant to produce satisfactory evidence – in addition to the attorneys' own affidavits – that the requested rates are in line with those prevailing in the community for similar

services by lawyers of reasonably comparable skill." *Blum*, 465 U.S. at 895 n.11. "An attorney's requested hourly rate is prima facie reasonable when [he] requests that the lodestar be computed at [his] 'customary billing rate,' the rate is within the range of prevailing market rates, and the rate is not contested." *White v. Imperial Adjustment Corp.*, No. 99-3804, 2005 WL 1578810, at *5 (E.D. La. June 28, 2005) (citing *La. Power*, 50 F.3d at 328) (emphasis added).

In its fee submission, Defendant seeks fees on behalf of two attorneys. Lead attorney, K. Todd Wallace, in his 28th year of practice, requests the rate of $250.00 an hour and associate attorney in her first year of practice, Madeline Michael, requests the rate of $215.00 an hour. (Rec. doc. 27-1). Defendant's counsel maintains that they agreed to charge their client a reduced rate to help make their legal costs more palatable. (*Id.*). Wallace's standard billing rate is currently $325.00/hour. (*Id.*). However, counsel for Defendant agreed to charge their client a reduced rate of $250.00/hour for Wallace and $215.00/hour for Michael. (*Id.*).

Although Defendant failed to provide affidavits from other attorneys in the Eastern District of Louisiana attesting to the range of prevailing market rates, Fifth Circuit jurisprudence is clear that the district court "is itself an expert on the question [of reasonable billing rates] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of testimony." *Shaw v. Alpha Air & Heating, L.L.C.,* No. 22-3953, 2024 WL 1556861, at *3 (E.D. La. Apr. 10, 2024) (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)).

Defendant argues that no downward adjustment is warranted in any respect. (*Id.*). Wallace graduated *cum* laude from Loyola University College of Law in New Orleans in May

4

of 1998 and was promptly admitted to the bar for the state of Louisiana in October of 1998. (*Id.*). While in law school, he served as a member of Loyola Law Review. (*Id.*). He is currently in his 28th year of practice, with the majority of his experience relating to commercial litigation, including employment litigation. (*Id.*). He began his career at Liskow & Lewis in 1998 and in 2018, he started the law firm Wallace Meyaski, L.L.C., where he oversees his firm's civil litigation practice, including commercial and employment litigation. (*Id.*). Finally, he is the current chair of the Louisiana State Bar Association's Labor Relations Committee. (*Id.*).

As noted above, "an attorneys' requested hourly rate is *prima facie* reasonable when [he] requests that the lodestar be computed at [his] 'customary billing rate,' the rate is within the range of prevailing market rates, and the rate is not contested." *White*, 2005 WL 1578810, at *5 (citing *La. Power*, 50 F.3d at 328) (emphasis added). However, the Court may reduce the hourly rate if it determines that the requested rate is not within the range of prevailing market rates. *Richard v. St. Tammany Par. Sheriff's Dep't*, No. CV 17-9703, 2022 WL 4534728, at *11 (E.D. La. Sept. 28, 2022), *appeal dismissed sub nom. Richard v. Smith*, No. 22-30497, 2023 WL 2845201 (5th Cir. Jan. 27, 2023). Although Plaintiffs do not challenge the reasonableness of the hourly rates, the Court in its discretion will assess whether the uncontested rates fall within the range of prevailing market rates.

Upon review, the Court finds that the requested rate of $250.00/hour for Wallace is reasonable. *See Hyginus v. Ochsner Clinic, L.L.C.*, No. CV 23-2895, 2025 WL 886768, at *3 (E.D. La. Mar. 21, 2025) (finding a rate of $400.00/hour reasonable for an attorney with 26 years of practice); *see also Duval v. Physicians Medical Ctr., L.L.C.*, No. 22-2286, 2023 WL 9197748, at *2-4 (E.D. La. Nov. 7, 2023) (finding a rate of $400.00/hour reasonable for partner-level

5

attorney with 36 years of experience); *see also MGMTL, L.L.C. v. Strategic Tech. Inst., Inc.,* No. 20-2138, 2023 WL 9229133, at *6-8 (E.D. La. Dec. 4, 2023) (finding rate of $465.00/hour reasonable for a partner-level attorney with 26 years of experience).  Because the requested hourly rate falls well below the rates that this Court has deemed reasonable in the above cases, the Court finds that Wallace's hourly rate of $250.00/hour to be a more than reasonable rate in this case.

The Court now turns to Michael, who is in her first year of practice.  Defendant provided no additional details regarding Michael's education or career.  No affidavits were provided for Michael, and thus there is no mention of prevailing market rates in this district for attorneys with similar experience. *See Hensley*, 461 U.S. 424, 439 at n.15 (mere testimony that a given fee is reasonable is not satisfactory evidence of market rates).  In light of case law in this District, the proposed rate for Ms. Michael, $215.00 per hour for an attorney with less than one year of experience, is slightly high.

Judges in this district generally award attorneys' fees in the amount of $200.00 for work performed by an associate with less than five years of experience.  *See Batiste v. Lewis*, No. 17-4435, 2019 WL 1591951, at *3 (E.D. La. Apr. 12, 2019) (awarding $200.00/hour to attorney with five years of experience); *Girod LoanCo, L.L.C. v. Heisler*, No. CV 19-13150, 2020 WL 3605947, at *8 (E.D. La. July 2, 2020) (stating that "judges in this district award attorneys' fees in the amount of $200.00/hour for work performed by an associate with less than five years of experience"); *MGMTL, L.L.C. v. Strategic Tech. Inst., Inc.,* 776 F. Supp. 3d 419, 481 (E.D. La. 2025) (reducing proposed rates of an attorney with zero to three years of experience from $220.00-$250.00/hour to $200.00/hour).  Therefore, the hourly rate of $200.00/hour for Michael is a more reasonable rate for an associate in her first year of practice.

6

### 2.    Reasonable Hours Expended

The party seeking the fee bears the burden of documenting and supporting the reasonableness of all time expenditures for which compensation is sought. *Hensley*, 461 U.S. at 437. "Counsel for the prevailing party should make a good faith effort to exclude from a fee request, hours that are excessive, redundant, and otherwise unnecessary . . ." *Id.* at 434. Hours that are not properly billed to one's client are not properly billed to one's adversary. *Id.* The Supreme Court calls on fee applicants to make a fee request that demonstrates "billing judgment." *Id.* The remedy for failing to exercise "billing judgment" is for the Court to exclude hours that were not reasonably expended. *Id.* at 434; *Walker v. City of Mesquite*, 313 F.3d 246, 251 (5th Cir. 2002) (quoting *Walker v. HUD*, 99 F.3d 761, 770 (5th Cir. 1996)) ("If there is no evidence of billing judgment, however, then the proper remedy is not a denial of fees, *but a reduction of 'the hours awarded by a percentage intended to substitute for the exercise of billing judgment.'*" (emphasis added)). Alternatively, this Court can conduct a line-by-line analysis of the time report. *See Green*, 284 F.3d at 662; *Cameron v. Greater New Orleans Fed. Credit Union*, No. CV 16-8514, 2017 WL 1426970, at *2 (E.D. La. Apr. 21, 2017).

Attached to Defendant's motion is the Declaration of Wallace (rec. doc. 27-3) and the relevant billing records. (Rec. doc. 27-4). Defendant argues that 24.45 hours sought are reasonable because counsel exercised billing judgment by excluding unproductive, redundant, or otherwise non-billable tasks. Defendant further argues that counsel worked diligently to coordinate efforts and clearly delineated aspects of the project to prevent the unnecessary duplication of work that might have resulted from having multiple attorneys working on the same aspect of the fee work. Further, tasks were allegedly delegated

appropriately among attorneys according to their complexity and to reduce the total expense incurred in the fee work.  Having reviewed counsel for Defendant's timesheets, the Court finds minor deductions are warranted.

Defendant alleges that counsel worked expeditiously and efficiently when working on the requisite legal research and analysis, the drafting and filing of the Rule 41(b) motion to dismiss, the review of Plaintiffs' opposition briefing, the drafting and filing of the reply brief in support of its Rule 41(b) motion to dismiss, and communications and review of various orders issued by this Court.  However, Plaintiffs argue that the fee request is overbroad, includes time not casually "incurred because of" the scheduling-order violation, contains excessive and duplicative entries, and, in light of the $5,000.00 sanction, would be unjust if awarded in full or required to be paid immediately.  (Rec. doc. 29).

To note, the District Court specifically ordered that "plaintiffs' counsel shall be sanctioned in the amount of $5,000, plus all attorneys' fees associated with the defendant's motion to dismiss."  (Rec. doc. 25 at 7-8) (emphasis added).  The District Court only tasked the undersigned to determine the precise amount of attorneys' fees.  (*Id*.).  The undersigned was not tasked to determine whether attorneys' fees should be rewarded or whether they are appropriate in this case.  Therefore, there will be no discussion as to whether the additional fee award is "unjust."

### i.    Fees not associated with Defendant's Motion to Dismiss

Plaintiffs first flag the entry of "Series of Orders Issued by the Court" on March 16, 2026.  The description of the completed work states: "review, assess, and calendar series of orders issued by Judge Vance granting motion for expedited consideration of Motion to Dismiss for Failure to Prosecute as well as orders regarding continuances of pre-trial

8

conference and trial." (Rec. doc. 27-4).  Defendant filed no reply.  Federal courts, following Fifth Circuit precedent, treat clerical work as non-compensable.  *See, e.g., Leroux v. Astrue*, No. 3-10-CV-2634-M, 2012 WL 6757772, at *2 (N.D. Tex. Oct. 26, 2012) (citation omitted); *see also Jones v. Armstrong Cork Co.*, 630 F.2d 324, 325 (5th Cir.1980); *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 717 (5th Cir. 1974) (the "dollar value [of clerical work] is not enhanced just because a lawyer does it").  The Court should consider whether the work performed was "legal work in the strict sense" or was merely clerical work that happened to be performed by a lawyer.  *Abrams v. Baylor Coll. of Med.*, 805 F.2d 528, 536 (5th Cir. 1986).  The work described here is not legal work in a strict sense and could have been accomplished by a non-lawyer.  Further, the work did not aid the research, drafting, filing, and arguing of the Rule 41(b) motion.  In fact, some of the work described has nothing to do with the motion to dismiss for failure to prosecute. For these reasons, the Court finds that the .25 hours completed by Wallace under this entry should be excluded.

**Duplicative and over-staffing fees**

Plaintiffs argue that duplication and overstaffing occurred amongs three attorneys on March 11-12, 2026 for research, drafting, and filing of the Rule 41(b) motion and motion for expedited consideration.  The 1.50 hours spent by Stacey Meyaski ("SLM") – Wallace's law partner – on March 11, 2026 must be excluded.  The memorandum in support of Defendant's motion to fix attorneys' fees never mentions SLM or requests that her rate be calculated in the amount of fees to be awarded.  Further, she completed tasks duplicative of Wallace's. Thus, the time billed by SLM will not be included in the calculation for attorneys' fees.

The Court finds no other occurrence of duplication, overstaffing, or excessive time in the billing invoice.  Wallace, as lead attorney, researched and wrote majority of the motion

and reply.  It is reasonable to find multiple entries for drafting by the same attorney as separate sessions of writing are often necessary in legal writing.  Additionally, it is common for a motion and reply to be proofed and filed by an attorney different than the one who wrote the draft.  Although filing is often treated as non-compensable, it is compensable in this case because the attorneys' fees to be awarded are directly related to fees associated with Defendant's motion to dismiss including the researching, drafting, filing, and arguing of the Rule 41(b) motion along with related briefs.

### ii.    Clerical and administrative tasks

The Court also finds no overlap in legal research between Wallace and Michael. However, the Court does find it necessary to reduce the time spent on legal research by Michael on March 11, 2026 because the entry includes clerical tasks such as labeling exhibits. The allotted time shall be reduced to .30 from .50 hours.  Finally, the telephone call with the clerk of court on March 30, 2026 by Michael about dates must also be excluded because this is administrative work that a non-lawyer could perform.

### B.    The *Johnson* Factors

As noted above, the lodestar is presumed reasonable, but a court may then enhance or decrease it after considering the twelve *Johnson* factors.  *See Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 90 (1989).  The *Johnson* factors are

> (1) time and labor required, (2) novelty and difficulty of the issues, (3) skill required to perform the legal services properly, (4) preclusion of other employment, (5) customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by client or circumstances, (8) amount involved and results obtained, (9) experience, reputation and ability of the attorneys, (10) undesirability of the case, (11) nature and length of the professional relationship with the client, and (12) award in similar cases.

10

*See id.* at 717-19.[1]  "'[T]he most critical factor' in determining a reasonable fee 'is the degree of success obtained.'"  *Combs*, 829 F.3d at 394 (quoting *Hensley*, 461 U.S. at 436).

The lodestar is presumed to yield a reasonable fee.  *La. Power*, 50 F.3d at 324.  Additionally, the lodestar should be modified only in exceptional cases.  *Fleming v. Elliott Sec. Sols., LLC,* No. CV 19-2348, 2021 WL 4908875, at *1 (E.D. La. Oct. 21, 2021) (citing *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993)).  Lastly, "to the extent that any *Johnson* factors are subsumed in the lodestar, they should not be reconsidered when determining whether an adjustment to the lodestar is required."  *Migis*, 135 F.3d at 1047.

Defendant makes arguments based on factors one, three, five, eight, nine, and twelve.  (Rec. doc. 27-1 at 5-9).  However, the Court considered those factors in determining the reasonableness of the hours sought.  Thus, the *Johnson* factors that are relevant to this case are subsumed in the lodestar.  No further adjustment is merited.

Accordingly, the distribution of fees is as follows:

| **Name** | **Hours** | **Hourly Rate** | **Amount** |
|---|---|---|---|
| K. Todd Wallace | 21 | $250.00 | $5,250.00 |
| Madeline Michael | 1.05 | $200.00 | $210.00 |
| | | **Total Recommended** | **$5,460.00** |

## III.    Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that Defendant Henry's Uptown Bar's Motion to Fix Attorneys' Fees (rec. doc. 27) be **GRANTED IN PART** and that Defendant be awarded a total of

---

[1] The *Johnson* factors are near identical to the factors considered by Louisiana state courts when awarding attorneys' fees.

$5,460.00 in attorneys' fees in addition to the $5,000.00 award of sanctions by the District Court.

### NOTICE OF RIGHT TO OBJECT

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 16th day of _____ June _____, 2026.

_____
**MICHAEL B. NORTH**
**UNITED STATES MAGISTRATE JUDGE**

12