UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JORDAN BUCKEY ET AL.                                    CIVIL ACTION

VERSUS                                                        NO. 25-747

HENRY'S UPTOWN BAR, LLC                                SECTION R

## ORDER & REASONS

Before the Court is defendant Henry's Uptown Bar's unopposed motion in limine to exclude all witnesses and exhibits of plaintiffs Jordan Buckey and William Trevor.[1]  Also before the Court is plaintiffs' motion for leave to file a witness and exhibit list.[2]  Defendant opposed this motion.[3]  For the following reasons, the Court grants in part the motion in limine in part. The Court also grants in part the motion for leave to file a witness and exhibit list.

## I.    BACKGROUND

The Court's scheduling order of August 15, 2025, required plaintiffs to provide expert reports and disclosures to defendant by December 19, 2025; to complete depositions and all other discovery by January 20, 2026; to file a witness and exhibit list by January 20, 2026; to exchange copies of exhibits

---

[1]      R. Doc. 18.
[2]      R. Doc. 33.
[3]      R. Doc. 36.

and deposition designations of proposed trial witnesses by March 2, 2026; and to meet with defendant's counsel to agree on stipulations and resolve evidentiary objections by March 6, 2026.[4] The docket shows that plaintiffs did not file a witness and exhibit list by the deadline, and defendant's motion—which plaintiffs do not oppose—represents that plaintiffs failed to meet each of these other deadlines.[5] At no point did plaintiffs file for a continuance.

In light of plaintiffs' repeated failures to abide by the scheduling order, defendant filed both a motion to dismiss for failure to prosecute on March 12, 2026, and the present motion in limine on March 16, 2026.[6] On April 16, 2026, the Court denied the motion to dismiss, instead imposing a fine on plaintiffs' counsel and requiring her to pay defendant's attorney's fees.[7] The Court did not rule on the motion in limine, which the Court rules on now.

In its motion in limine, defendant moves the Court to preclude plaintiffs from introducing any witnesses or exhibits at trial.[8] Plaintiffs did not file an opposition.

---

[4]    R. Doc. 7.
[5]    R. Doc. 18 at 4–5.
[6]    R. Doc. 13; R. Doc. 18.
[7]    R. Doc. 25.
[8]    R. Doc. 18 at 15.

On July 21, 2026, plaintiffs filed their motion for leave to file a witness and exhibit list.[9]  Plaintiffs seek to list the following witnesses and exhibits:[10]

<u>Witnesses</u>

1.  Jordan Buckey

2.  William Trevor

3.  Alexis Leblanc

4.  Any witness listed by defendant

<u>Exhibits</u>

1.  Text messages in the possession of either plaintiff

2.  Photographs in the possession of either plaintiff

3.  Social media screenshots

4.  Time/tip and sales reports

5.  Paychecks/stubs

6.  Any exhibit listed by defendant.

Defendant filed an opposition.[11]

The Court considers these motions.

---

[9]     R. Doc. 33.
[10]    R. Doc. 33-1 at 1–2.
[11]    R. Doc. 36.

## II.   LAW AND ANALYSIS

Federal Rule of Civil Procedure 16(b) authorizes district courts to control and expedite the discovery process through a scheduling order. *See* Fed. R. Civ. P. 16(b). Consistent with this authority, the Court has "broad discretion" to enforce its scheduling order. *See Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir.1990) ("[O]ur court gives the trial court 'broad discretion to preserve the integrity and purpose of the pretrial order.'" (quoting *Hodges v. United States*, 597 F.2d 1014, 1018 (5th Cir.1979))). Rule 16(f) authorizes the Court to sanction a party for failing to comply with its scheduling order by excluding evidence. *Id.* ("[A] a trial court's decision to exclude evidence as a means of enforcing a pretrial order "must not be disturbed" absent a clear abuse of discretion.").

## III.   DISCUSSION

Following the Court's denial of defendant's motion to dismiss, the Court issued a new scheduling order resetting some, but not all, lapsed deadlines that plaintiffs had missed.[12] Specifically, the Court reset the parties' deadlines (1) to exchange copies of exhibits, a list of proposed trial exhibits, and deposition designations of proposed trial witnesses; (2) to object to exhibits and deposition testimony; (3) to meet to agree to

---

[12]   R. Doc. 26.

stipulations and resolve evidentiary objections; and (4) to submit memoranda on unresolved objections.[13] The Court also reset the pretrial conference and the trial date.[14]

The Court did not reset several deadlines. First, the Court did not reset plaintiffs' deadlines to provide expert reports and disclosures or to engage in discovery, including depositions. In its motion in limine, defendant represents that plaintiffs have not made any expert disclosures, engaged in any written discovery, or taken any depositions.[15] The deadline to conduct these forms of discovery has passed, foreclosing plaintiffs from conducting this discovery now. The Court therefore grants defendant's motion in limine with respect to any expert witness, deposition, or evidence obtained through discovery that plaintiff may seek to take or introduce. Plaintiff may not introduce any such evidence. The Court addresses other forms of evidence defendant seeks to exclude in its discussion of plaintiffs' motion for leave to file, below.

Second, the Court did not reset the deadline to file witness and exhibit lists. Plaintiffs now seek leave to file a list of witnesses and exhibits seven months after the deadline. Defendant opposes this motion. Defendant

---

[13]    *Id.* at 1.
[14]    *Id.* at 2.
[15]    R. Doc. 18 at 3.

objects to the motion on a number of grounds, including that (1) the Court's scheduling order excludes the use at trial of witnesses and exhibits by a party that has not abided by the required deadlines absent a showing of good cause,[16] and good cause is absent here;[17] and (2) plaintiffs failed to respond to defendant's motion in limine and should not now be able to do so four months late.[18]

In addition, defendant objects to plaintiffs' proposed witness and exhibit list on the ground that it includes a witness and several types of evidence not included in plaintiffs' initial disclosures to defendant under Rule 26(a) or in any subsequent disclosures under Rule 26(e).[19] Fed. R. Civ. P. 26(a), 26(e). Proposed witness Alexis Leblanc was not included in plaintiffs' initial disclosure and is now included on the proposed witness list (without the information required by Rule 26(a)(1)(A)(i)).[20] Fed. R. Civ. P. 26(a)(1)(A)(i). In addition, plaintiffs initially disclosed two categories of exhibits: (1) "[c]opies of paychecks and/or time records in possession of plaintiffs" and (2) "[t]ext messages relative to employment with defendant in

---

[16]   *See* R. Doc. 7-1 at 5; R. Doc. 26-1 at 5.
[17]   R. Doc. 36 at 2–5.
[18]   *Id.* at 5–8.
[19]   *Id.* at 9–10.
[20]   R. Doc. 36-1 at 2; R. Doc. 33-1 at 1.

6

possession of plaintiffs."[21] Now, plaintiffs' proposed exhibit list includes new categories of evidence ("[p]hotographs in possession of either plaintiff" and "social media screenshots") and a category that includes tip and sales reports.[22]

In its scheduling order, the Court stated that it "will not permit any witness, expert or fact, to testify or any exhibits to be used unless there has been compliance with this Order as it pertains to the witness and/or exhibits, without an order to do so issued on motion for good cause shown."[23]  Under Rule 16(b)(4) of the Federal Rules of Civil Procedure, the Court may modify the scheduling order "only for good cause."  There are four factors to consider when determining whether good cause exists: "(1) the explanation for the failure to timely comply with the scheduling order; (2) the importance of the modification; (3) potential prejudice in allowing the modification; and (4) the availability of a continuance to cure such prejudice."  *Squyres v. Heico Cos.*, 782 F.3d 224, 237 (5th Cir. 2015) (citation modified).

By failing to file a witness and exhibit list by the deadline, plaintiffs have not complied with the scheduling order.  The Court therefore must

---

[21]    R. Doc. 36-1 at 3.
[22]    R. Doc. 33-1 at 1–2.
[23]    R. Doc. 7 at 3.

determine if there is good cause to modify the order to allow plaintiffs to submit their proposed witness and exhibit list despite their noncompliance.

Regarding the first "good cause" factor, plaintiffs do not have a reasonable explanation for the failure to timely comply with the scheduling order. Putting aside plaintiffs' initial failure to meet a slew of deadlines (for which plaintiffs' counsel has already been sanctioned) until confronted with defendant's motion to dismiss, plaintiffs never responded to defendant's subsequent motion in limine. Instead, plaintiffs waited another four months after the filing of the motion in limine, and more than three months after the Court denied defendant's motion to dismiss, to seek leave to file their witness and exhibit list. This is simply more of the same from plaintiffs.

Regarding the second "good cause" factor, a modification of the scheduling order to permit the filing of a witness and exhibit list is necessary to plaintiffs' ability to prosecute their case. Without the ability to call any witnesses or present any evidence, plaintiffs cannot make any case at all. The Court concludes that plaintiffs should not be foreclosed entirely from proceeding against defendant.

But defendant would face unfair prejudice if plaintiffs were allowed to call a witness and present exhibits that have now been identified for the very first time on the eve of trial. Plaintiffs have not provided the new witness's

8

contact information or an explanation of the information about which that witness would be called to testify. *See* Fed. R. Civ. P. 26(a)(1)(A)(i). Nor have they identified the exhibits in a way that would indicate what they are—business records of defendant, or documents created by plaintiffs, and photographs and screenshots of what? And, of particular importance, plaintiffs did not identify this witness and these exhibits during discovery. Plaintiffs' assertion that defendant would not be prejudiced because "Defendant made their own litigation decision not to propound discovery during the period established by the Court"[24] largely misses the point. Had plaintiffs abided by their duty under Federal Rule of Civil Procedure 26(e) to update their disclosures, defendant may have chosen to propound discovery relating to those disclosures. Discovery has long since closed, depriving defendant of the opportunity to investigate the new evidence plaintiffs seek to include on their witness and exhibit list. Use of this witness and these exhibits at trial would be unfairly prejudicial to defendant.

Nevertheless, the Court finds that defendant would not be prejudiced if plaintiffs were allowed to use the proposed witnesses and exhibits that *were* included in their Rule 26 disclosure. Defendant has long been on notice

---

[24] R. Doc. 33 at 6.

about this evidence and had the opportunity to conduct discovery related to it.

Finally, regarding the fourth "good cause" factor, no continuance is sought, nor is one appropriate.

Weighing these four factors, the Court finds that plaintiffs have shown good cause to file their proposed witness and exhibit list only as to (1) Jordan Buckey; (2) William Trevor; (3) text messages in plaintiffs' possession; (4) paychecks and stubs in plaintiffs' possession; and (5) time records in plaintiffs' possession.[25]

Therefore, the Court grants plaintiffs' motion for leave to file their witness and exhibit list only as to the witnesses and exhibits the Court listed above. The Court denies defendant's motion in limine with respect to these witnesses and these exhibits.

## IV.   CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** defendant's motion in limine and **GRANTS IN PART** plaintiffs' motion for leave to file witness and exhibit lists.

**IT IS FURTHER ORDERED** that counsel for plaintiffs shall furnish plaintiffs with copies of both this Court's order imposing sanctions on

---

[25]   *See* R. Doc. 36-1 at 3–4; R. Doc. 33-1 at 1–2.

plaintiffs' counsel[26] and the present order to ensure that plaintiffs are aware of these proceedings.

New Orleans, Louisiana, this __4th__ day of August, 2026.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[26]   R. Doc. 25.